James Best *v.* Perry Jefferson.

**Duty of Officer.**

When an officer has it in his power to make matters pertaining to his duties plain, and fails from negligence, ignorance or design to do so, every fact left fairly in doubt should be construed against him, and in favor of those for whom he transacts business, and to whom he owes the duty to do it correctly.

APPEAL FROM MASON CIRCUIT COURT.

October 4, 1875.

Opinion by Judge Cofer:

We have given this record the very best consideration of which we are capable, and have been unable to come to any other conclusion than that the execution in favor of Burgayne came to the hands of the appellee before that in favor of the Pearces.

The following facts appearing in the record have led us to this conclusion. Burgayne's execution was issued on the 24th, and that in favor of Pearces on the 25th of the month. It was the duty of the sheriff or one of his deputies to attend at the clerk's office each day to receive any process that might be issued. Sec. 72, Civil Code. This duty is some evidence, when taken in connection with the testimony of the clerk, that the execution was taken out on the 25th. The indorsement by appellee, of the time when it came to his hands, was apparently made with and as a part of his return, which latter was not made, as we shall presently see, until several months after the return day; and it is fair to presume the whole was written at once. His return shows that the levy and return of sale were entered on Burgayne's execution after the 16th of May, 1866, and on Pearces' execution as late as October 31, 1866.

The time of making the levy under the former is stated in the return, but the return is without date. No date is given on Pearces' execution of the levy or return, and neither return shows the date of the sale or where it was made. The law required the date of the levy and of sale to be stated. Sec. 10, Art. 1, Chap. 91, Rev. Stat. The return on the execution against Mrs. Curtis is also without date, as well as the transfer of the judgment against appellant. These repeated failures to give dates where dates were not only usual, but required by law, is unaccounted for and cannot be attributed to oversight. Where the sale was made, but a single bond was taken from the purchaser, which can only be accounted for by

supposing the appellee then understood that only one of the executions was to be paid. That bond, instead of being returned, was retained by the appellee, and does not yet appear to have been returned. He collected the bond without legal authority. It was in his power to produce it, and if produced it might have shed great light upon the question at issue. He was sworn as a witness, and does not swear that both executions were received at the same time. He made a return on the execution against Mrs. Curtis, showing this by the proceeds of the other execution, and then undertakes to explain that return by saying that it had not been satisfied in that way, but had been paid off by himself out of his own money, which, of course, was no satisfaction at all. If both executions came to his hands at the same time, the duty of the appellee was so plain that it is impossible to suppose that he did not understand it. In that case there would have been no necessity to omit dates, or to confuse indorsements, or to neglect to make the entries at the time they should have been made and in the manner directed by law; and there was no propriety in taking one bond instead of two, or necessity to hold up the executions; and there was no truth in the return on the execution against Mrs. Curtis.

When an officer of the law has it in his power to make matters pertaining to his duties plain, and he fails from negligence, ignorance or design to do so, every fact left fairly in doubt should be construed against him, and in favor of those with and for whom he transacts business, and to whom he owes the duty to do it correctly. If the appellee had made his return at once in accordance with what he now says was the fact, the appellant could have sought a remedy, either by proceeding to correct the return, or by suing out an execution against Mrs. Curtis, or against his principal, or against both. It is, therefore, but fair to hold that any loss resulting from the confusion and uncertainty that have arisen should fall upon him who had it in his power to make the matter plain, but neglected to do it.

We do not think the appellee has succeeded in establishing a valid arbitration and award. Conceding that a reference was agreed to, and an award made, the appellant is not bound by it. He does not appear either to have had notice of the time and place of the meeting of the arbitrators, or to have agreed to waive it. Nor does it appear that he was present, or that the arbitrators were sworn, or that this was waived.

This arbitration and award is alleged to have been made in

October, 1866, but no steps seem to have been taken by the appellee to coerce payment until sometime in the latter part of 1869, a period of nearly three years after he claims that it was settled that he was to be paid. He attempts to excuse this delay by alleging repeated promises by appellant to pay him, but of this there is no evidence, not even in his own testimony.

We think the appellant made out a case for relief, and the judgment is *reversed* and the cause is remanded, with directions to perpetuate the injunction.

*J. G. Hickman, A. Duvall, for appellant.*
*W. H. Wardsworth, T. C. Campbell, for appellee.*